MATHEWS GOTTFRIED

v.

THE GERMAN NATIONAL BANK.

</div>

1. PRACTICE—AFFIDAVIT OF PLAINTIFF'S CLAIM—SUFFICIENCY.—An affidavit accompanying the declaration that "the demand in the above entitled cause is for the amount due on a promissory note, a copy of which is hereunto attached in possession of the defendant, and there is due to the plaintiff from the defendant, after allowing to him all just deductions and set-offs, five hundred and eighty-four dollars and sixty-two cents, with interest from December 28, 1877," is not a substantial compliance with Sec. 37 of the Practice Act; it does not state the "amount due from the defendant to the plaintiff," nor does it state such facts as furnish the basis for a calculation of the amount due.

2. REFERENCE IN AFFIDAVIT TO OTHER PAPERS.—An allusion in an affidavit to a copy of a note, without any apt or proper words making such copy a part of the affidavit, will not authorize the court to refer to such copy for any purpose connected with the affidavit.

3. CONSTRUCTION OF STATUTE.—The statute permitting a plaintiff to file with his declaration an affidavit of the amount due, and authorizing judgment thereon, upon failure of the defendant to file with his plea an affidavit of merits, is remedial, and should receive such interpretation as will meet the obvious intent of the legislature in its enactment.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. RUBENS & HEISTAND, for appellant.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for appellee.

MURPHY, P. J.    This was an action of assumpsit, commenced by the appellee against the appellant, in the Superior Court of Cook county, to the January term, A. D. 1878, to recover upon a promissory note.

The proceedings in that court resulted in a judgment against appellant, from which he prayed an appeal to this court, and brings the record here, and assigns for error:

1st. The striking the plea of the defendant from the files.

2nd. That the judgment of the court is contrary to law.

The appellee, by the commencement of its suit as it did, attempted to avail itself of the provisions of section 37, chapter 110, of the Revised Statutes of 1874, entitled an act in regard to practice in Courts of Record.    By that section it is provided that:  "If the plaintiff in any suit upon a contract, express or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment as in case of default, unless the defendant, or his agent or attorney, if the defendant is a resident of the county in which the suit is brought, shall file with his plea an affidavit stating that he verily believes he has a good defense to said suit upon the merits to the whole or any portion of the plaintiff's demand, and if a portion specifying the amount (according to the best of his judgment and belief), upon good cause shown, the time for filing such affidavit may be extended for such reasonable time as the court shall order."

\*        \*        \*        \*        \*        \*        \*        \*

This statute is intended to provide a remedy for the plaintiff when he believes there is no substantial defense to his claim, and desires the speedy judgment of the court, as it is seen he must file an affidavit with his declaration, showing the nature of his demand, and the amount due him from the defendant, after allowing all his just credits, deductions and set-offs, if any.

It appears in this case that the appellee filed its declaration, counting upon a promissory note specially, and also containing

15

the common counts; also filed an affidavit, which, after being properly entitled in the cause, is as follows:

"Otis P. Abercrombie, one of the plaintiff's attorneys, being duly sworn, says that the demand of the plaintiff in the above entitled cause is for the amount due on the promissory note, a copy of which is hereunto attached, in possession of defendant, and there is due to the plaintiff from the defendant, after allowing to him all just credits, deductions and set-offs, five hundred and eighty-four dollars and sixty-two cents, with interest from December 28, 1877.

[SEAL.]                    (Signed)    OTIS P. ABERCROMBIE."

It is urged by the appellant that this affidavit is defective, and fails to comply with the requirements of the foregoing section of the statute, in that it does not state the "amount due from the defendant to the plaintiff." Nor does it state such facts as to furnish the court the basis of a calculation by which it can be ascertained the amount so due. It will be observed that the affidavit states the amount of the principal indebtedness, and adds "with interest from December 28, 1877."

If the affidavit contained the statement of the rate per cent. at which such interest should be computed, it might be held to be a substantial compliance with the provisions of the statute, but on this question the affidavit filed is silent, except so far as it makes allusion to a copy of the promissory note attached to said affidavit, without any apt or proper words to make said copy a part of the affidavit. It will be seen by the statute, that it is from the affidavit the court must learn the amount due to the plaintiff from the defendant, and not by an inspection of a separate piece of paper, which is not even a part of the record.

As in this case, the copy referred to in the affidavit was the copy filed with the declaration, under the statute, which, under repeated decisions of the Supreme Court of this State, is held to constitute no part of the record, we think the affidavit fails to comply with the substantial requirements of the above section.

It is urged by the appellant that the foregoing provision of the statute is in derogation of the common law, and should receive a strict construction. Even though it be admitted that it is in derogation of the common law, still it will be seen that the statute is remedial as well, and its objects are wise, and calculated to facilitate the prompt collection of just claims, to which there is no substantial defense, and should receive such interpretation at the hands of the court as will promote the obvious object of the legislature in its enactment.

Even under such rules of construction, for the foregoing reasons we are unable to hold the affidavit good, and as required by law.

If therefore, as we have shown, the affidavit fails to comply with the statute, it follows as a consequence, that the appellant was not bound to file any affidavit of merits with his plea, and if not, then it was error for the court below to require an affidavit of merits, and in striking appellant's pleas from the files, for the reason that no such affidavit was filed.

We find the amount of damages assessed to be in excess of the amount due on the promissory note, even though we were at liberty to make it the basis of our action, but the appellant makes no point in that regard by his assignment of error.

We make it the basis of no action of ours, but simply call attention to it, so that upon a second trial of the case, it might be corrected. For the above error, the judgment in the court below is reversed and the cause remanded.

Reversed and remanded.*

*Another case between the same parties, and involving the same questions, was considered in connection with this case and reversed on grounds stated in this opinion.